UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN INTERNATIONAL
LIFE ASSURANCE COMPANY OF
NEW YORK,

        Plaintiff/Counter-Defendant,      Case No. 06-12067
vs.      HONORABLE DENISE PAGE HOOD

VIRGINIA BURGER, an individual,

        Defendant,

and

LONETTA MCCRANDELL, f/k/a
LONETTA BOHANNON, an individual,


        Defendant/Counter-Plaintiff.
_____/

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff/Counter-Defendant American International Life Assurance Company's ("AILC") Motion for Interpleader and Dismissal of Counterclaim, filed on August 21, 2006 and Defendant/Counter-Plaintiff Lonetta McCrandell's Motion for Judgment on the Pleadings or for Summary Judgment, filed on September 21, 2006. Defendant/Counter-Plaintiff filed a Response to Plaintiff/Counter-Defendant's Motion for Interpleader and Dismissal of Counterclaim on September 5, 2006. On October 16, 2006, Plaintiff/Counter-Defendant filed a Response to Defendant/Counter-Plaintiff's Motion for Judgment on the Pleadings or for Summary

1

Judgment.  A hearing was held on this matter on November 29, 2006.

On May 4, 2006, Plaintiff filed the instant action for interpleader against Defendants Lonetta McCrandell (formerly known as Lonetta Bohannon) and Virginia Burger, the deceased's widow. Plaintiff sought to have this Court declare who should receive the life insurance death benefits that became payable upon the death of policyholder Donald Burger.  On June 6, 2006, Defendant Lonetta McCrandell filed a CounterClaim against Plaintiff AILC, alleging state law claims of breach of contract (Count I) and unjust enrichment (Count II).

## II.     STATEMENT OF FACTS

Donald Burger was an employee of Comau Pico, Inc., and insured under Group Policy No. GL-10712. (Plf.'s Compl.¶ 9)   On March 22, 1993, Donald Burger designated Lonetta Bohannon, his fiancé at the time, as the beneficiary of the policy.  (Plf.'s Compl.¶ 12) The policy provided for payment of death benefits upon Mr. Burger's death in the amount of $104, 000. (Plf.'s Compl.¶ 10) The policy indicated that any change in beneficiary designation had to be completed on forms provided by AILC and that changes would not be effective until received and recorded by AILC. (Def.'s Resp. to Plf.'s Mot. for Interpleader, Ex. 8, Insurance Policy, p.15) Mr. Burger and Defendant McCrandell never married, however Mr. Burger never changed the beneficiary designation listed on the subject policy.  Mr. Burger married Virginia Burger at a time unknown. On September 20, 2005, Mr. Burger died of natural causes.  (Plf.'s Compl.¶ 11, Ex. A) On December 22, 2005, AILC prepared and mailed a letter to Defendant Lonetta Bohannon informing her of Mr. Burger's death and that she was the designated beneficiary under his life insurance policy. (The letter was never received, however, as Defendant had remarried in August, 2003 and changed her name to Lonetta McCrandell and moved her residence.  (Def.'s Resp. to Plf.'s Mot. for

Interpleader, Ex.5) On January 18, 2006, AILC received a letter from Defendant Virginia Burger. Defendant Burger indicated that she was Donald Burger's widow, that she knew of his life insurance policy, that it had another person listed as a designated beneficiary and requested any additional information AILC could provide her. (Plf.'s Compl., Ex. C) On February 10, 2006, Plaintiff AILC prepared and sent a letter to Defendant Burger indicating that if she believed she was the legitimate beneficiary for her husband's group coverage she should fill out an attached claim form. (*Id.*) Defendant Burger returned a Death Claim form to Plaintiff AILC on February 14, 2006. On May 15, 2006, Lonetta McCandell prepared a letter and Death Claim form indicating that she is the "legitimate and intended beneficiary" of Mr. Burger's group life insurance policy. (Plf./Counter-Def.'s Mot. for Interpleader and Dismissal of Counterclaim, Ex. E)

### III.   APPLICABLE LAW & ANALYSIS

#### A.   Plaintiff/Counter-Defendant AILC's Motion for Interpleader and Dismissal of Counterclaim

Plaintiff/Counter-Defendant AILC makes three requests in its present motion, which include an Order: 1) allowing it to deposit the disputed insurance proceeds with the Court, discharging it from any further liability under the subject insurance policy; 2) granting reasonable attorney fees and costs and 3) dismissing the Counterclaim filed by Defendant/Counter-Plaintiff Lonetta McCrandell.

Plaintiff/Counter-Defendant AILC claims that it is a neutral and disinterested stakeholder in this suit. Plaintiff/Counter-Defendant AILC concedes that it has no claim to the policy proceeds and once it deposits $104,000, the total amount of the policy proceeds with the Clerk of the Court, minus reasonable attorney fees and costs, it should be discharged from this cause of action. Defendant/Counter-Plaintiff Lonetta McCrandell counters that this is not an appropriate interpleader

action as she is the designated beneficiary entitled to the policy proceeds, as such AILC is not exposed to multiple claims. Defendant/Counter-Plaintiff argues that AILC manufactured the present action by advising Defendant Burger to file a claim for the proceeds. This is inaccurate. AILC never advised Defendant Burger to file a claim, it only advised her to fill out a Death Claim form if she "believe[d] she was the legitimate beneficiary." (Plf.'s Compl., Ex. D) Additionally, Defendant Burger voluntarily contacted AILC. Defendant Burger was Mr. Burger's wife at the time of his death, and it is entirely possible that before his death he indicated to her or otherwise that he desired her to be the designated beneficiary of his life insurance policy.

Federal Rule of Civil Procedure 22 was designed "to protect the stakeholder from the vexation of multiple suits and the possibility of multiple liability that could result from adverse determinations in different courts. *First Trust Corp. v. Bryant*, 410 F. 3d 842, 853 (6th Cir. 2005). Additionally, the rule allows for "the insurance company, the stakeholder who has no claim to the money and is willing to release it to the rightful claimant, to put the money in dispute into court, withdraw from the proceeding and leave the claimants to litigate between themselves the ownership of the fund in court. *Metropolitan Life Ins. Co. v. Marsh*, 119 F. 3d 415, 418 (6th Cir. 1997)(Internal quotations omitted). Where a stakeholder does not dispute the amount in a disputed fund and is willing to deposit the funds with the court, that stakeholder is "disinterested." *UNUM Life Ins. Co. of America v. Kelling*, 170 F. Supp. 2d 792, 794 (M.D. Tenn. 2001). A stakeholder is disinterested if it acts in good faith in maintaining the interpleader action to avoid the vexation and expenses of resisting the adverse claims, even though its officials believe only one of them is meritorious. *Id.*

Accordingly, as there has been no showing of bad faith on the part of AILC, the Court finds that Plaintiff/Counter-Defendant AILC is a neutral, disinterested stakeholder and will permit

Plaintiff/Counter-Defendant to deposit the insurance proceeds with the Clerk of the Court pursuant to FRCP 22 and LR 67.1

Additionally, Defendant/Counter-Plaintiff Lonetta McCrandell filed a Counterclaim against Plaintiff/Counter-Defendant AILC, alleging breach of contract and unjust enrichment. In its interpleader motion, Plaintiff/Counter-Defendant also requests the Court dismiss Defendant/Counter Plaintiff's Counterclaim.

In order for Defendant/Counter-Plaintiff Lonetta McCrandell to be able to state a claim for breach of contract she must establish: (1) that the parties entered into a valid enforceable contract; (2) that the defendant breached the contract; and (3) that the defendant's breach caused a loss to the plaintiff. *Platsis v. E.F. Hutton & Co.*, 642 F.Supp. 1277 (W.D. Mich. 1986); *Pittsburgh Tube Co. v. Tri-Bend, Inc.*, 185 Mich.App. 581 (1990). Defendant/Counter-Plaintiff Lonetta McCrandell has not stated a valid claim for breach of contract. There was no contract between Defendant/Counter-Plaintiff Lonetta McCrandell and Plaintiff/Counter-Defendant AILC, the contract was between AILC and Donald Burger.

There are two requirements to establish an unjust enrichment claim: (1) the receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546 (1991). Defendant/Counter-Plaintiff Lonetta McCrandell likewise cannot state a claim under a theory of unjust enrichment as Plaintiff/Counter-Defendant has received no benefit from Defendant/Counter-Plaintiff Lonetta McCrandell.

Defendant/Counter-Plaintiff Lonetta McCrandell argues that the Court in evaluating the propriety of dismissal, should look to ERISA and its case law. Defendant/Counter-Plaintiff Lonetta

5

McCrandell did not assert an ERISA action against Plaintiff/Counter-Defendant and the Court will not construe her Counterclaim as doing so. Defendant/Counter-Plaintiff Lonetta McCrandell's Counterclaim shall be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Upon deposit of the total amount of policy proceeds, AILC shall be dismissed from this cause of action.

Plaintiff/Counter-Defendant AILC argues that it is entitled to reasonable attorney fees and costs it has incurred as a result of filing this cause of action. Defendant/Counter-Plaintiff argues that an award of attorney fees and costs is within the complete discretion of the Court and that this Court should not award attorney fees and costs under the present circumstances as AILC could have avoided the instant matter by following the plan policy and paying the only legitimate designated beneficiary, Defendant Lonetta McCrandell.

In its motion, Plaintiff/Counter-Defendant AILC also requests an Order granting an award of attorney fees and costs. AILC claims it has incurred $6949.00 in attorney fees and $897.23 in costs in instituting the present action. (Plf./Counter-Def.'s Mot. for Interpleader and Dismissal of Counterclaim, Ex. F) Under federal law, the general rule is that a disinterested "mere stakeholder" plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorney fees. *Kelling*, 170 F. Supp. 2d at 793. There are exceptions to the general federal rule. First, courts have found that insurance companies should not be compensated merely because conflicting claims to the proceeds have arisen during the normal course of business. *Id*.; *Sun Life Assurance Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990)(denying an award of attorney fees because "conflicting claims to benefits owed to beneficiaries . . . are inevitable"). Second, courts have exempted insurance companies from the general rule and denied them an award of attorney fees

6

because insurance companies, by definition, are interested stakeholders and that filing of the interpleader action immunizes the company from further liability under the contested policy. *Kelling*, 170 F. Supp. 2d at 794-95.  Finally, courts have exempted insurance companies from the general rule based on the policy argument that such an award senselessly deplete the fund that is the subject of the preservation through the interpleader action. *Id*. at 795.  The court must look beyond the perfunctory application of the general rule in exercising its discretion to ward attorney fees and costs.  *Id.*

Looking at the facts of this case, AILC would be entitled to an award of attorney fees and costs under the general federal rule.  However, under the exceptions noted by the various courts above, AILC is exempted from the general rule.  AILC falls under the first exception.  AILC should not be awarded attorney fees and costs merely because there are conflicting claims to the life insurance death benefit proceeds.  Conflicting claims to benefits owed to beneficiaries are inevitable. *Sun Life*, 735 F. Supp. at 732.  Additionally, the attorney fees and costs would be taken from the policy proceeds at issue which are the subject of the preservation of the interpleader action. Although the requested fees and costs are minimal in comparison to the total value of the insurance death benefits, an award would nonetheless deplete the amount recovered by the beneficiary, whomever this may be.  AILC is not entitled to attorney fees and costs.

        **B.**        **Defendant/Counter-Plaintiff Lonetta McCrandell's Motion for Judgment on the Pleadings or for Summary Judgment**

Given that the Court concludes that dismissal of Plaintiff/Counter-Defendant AILC from the present matter is appropriate, the Court will not address Defendant/Counter-Plaintiff Lonetta McCrandell's Motion for Judgment on the Pleadings or for Summary Judgment as it is moot.  Since Defendant/Counter-Plaintiff Lonetta McCrandell did not file a claim against Defendant Virginia

Burger, the Court is not able to address whether Defendant/Counter-Plaintiff Lonetta McCrandell is the legitimate designated beneficiary under the subject policy.

### C.      November 29, 2006 Hearing

At the hearing, Defendant Virginia Burger's counsel indicated to the Court that Defendant Burger concedes that she is not entitled to the death benefit proceeds in this matter. Additionally, Defendant Burger's counsel indicated that he would sign a stipulated order dismissing Plaintiff/Counter-Defendant AILC from this matter. As such, deposit of the death benefit proceeds with the Clerk of the Court may be unnecessary. If the parties do not resolve this matter by the scheduled Final Pre-Trial Conference, December 11, 2006, Plaintiff/Counter-Defendant AILC shall deposit the death benefit proceeds with the Clerk of the Court and the remaining parties must appear at the Final Pre-Trial Conference.

### IV.   CONCLUSION

IT IS ORDERED that Plaintiff/Counter-Defendant AILC's Motion for Interpleader and Dismissal of Counterclaim [**Docket No. 17, filed August 21, 2006**] is GRANTED, except for Plaintiff/Counter-Defendant's request for attorney fees and costs, which is DENIED.

IT IS FURTHER ORDERED that Defendant/Counter-Plaintiff Lonetta McCrandell's Motion for Judgment on the Pleadings or for Summary Judgment [**Docket No. 23, filed September 21, 2006**] is DENIED.

IT IS FURTHER ORDERED that in the event the parties do not resolve this matter by

December 11, 2006, Plaintiff/Counter-Defendant AILC shall deposit the death benefit proceeds with the Clerk of the Court, and that Plaintiff/Counter-Defendant AILC shall be DISMISSED WITH PREJUDICE from this action.

|  |  |
|---|---|
|  | /s/ Denise Page Hood |
|  | DENISE PAGE HOOD |
| Dated: December 1, 2006 | United States District Judge |

    I hereby certify that a copy of the foregoing document was served upon counsel of record on December 1, 2006, by electronic and/or ordinary mail.

                                                          s/ William F. Lewis
                                                          Case Manager